UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HENRY HARPER,

                                Petitioner,

        -against-

GLENN F. GOORD, Commissioner, and
BRIAN FISCHER, Superintendent,

                               Respondents.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**06-CV-485 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Petitioner Henry Harper ("Petitioner"), proceeding pro se, filed a petition seeking a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Docket Entry #1.) Magistrate Judge Joan M. Azrack issued a Report and Recommendation ("R&R") recommending that this court deny the Petition. (Docket Entry #24.) Petitioner timely filed Objections to the R&R. (Docket Entry #26.) Following this court's de novo review of the portions of the R&R to which Petitioner has objected, for the reasons set forth below, Petitioner's Objections to the R&R are denied and Judge Azrack's R&R is adopted in full.

**I.    PETITIONER'S OBJECTIONS**

      In her through and well-reasoned R&R, familiarity with which is assumed, Judge Azrack reviewed and made recommendations on nine claims: the eight claims raised in the original Petition, and an ineffective assistance of appellate counsel claim added to the Petition after that claim was exhausted in state court. (R&R 12.) Judge Azrack concluded, however, that only one claim, ineffective assistance of appellate counsel, was reviewable on the merits. (Id. at 19.) Petitioner does not object to Judge Azrack's recommendations regarding the other eight claims. (See Obj. 1, 2.) The court has reviewed the portions of the R&R to which Petitioner has not

1

objected and finds no clear error. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (holding that where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record"). Petitioner objects to portions of the R&R recommending that the ineffective assistance of appellate counsel claim be denied; this court has reviewed those portions de novo. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Judge Azrack correctly stated the applicable legal standard for ineffective assistance of appellate counsel under Strickland v. Washington, 466 U.S. 668 (1984), and noted that "[u]nder AEDPA, the fundamental question before this Court is whether the Appellate Division's decision to reject petitioner's ineffective assistance of counsel claim 'was contrary to, or involved an unreasonable application of clearly established federal law.'" (R&R 21 (citing 28 U.S.C. § 2254(d)).) After careful review of the record, Judge Azrack found "that the state court properly held that petitioner failed to establish ineffective assistance of appellate counsel. Petitioner cannot establish that his trial counsel was ineffective, and thus appellate counsel cannot be faulted for failing to raise this unmeritorious claim on appeal." (Id.) She described trial counsel's actions and concluded that "it is clear from the record that that trial counsel provided petitioner with effective representation." (Id.) She then addressed each alleged failure of trial counsel and concluded that Petitioner had not demonstrated that his trial counsel was ineffective, nor did he show that he was prejudiced by the alleged errors, as required by Strickland. (Id. at 22-25.)

In his Objections, Petitioner objects to specific findings in the R&R. First, Petitioner objects to the rejection of his claim that trial counsel was ineffective for failing to object to the prosecution's violations of Brady v. Maryland, 373 U.S. 83 (1963), which governs disclosure of exculpatory material, and People v. Rosario, 9 N.Y.2d 286 (N.Y. 1961), which entitles a

defendant to examine a prior statement of a witness called by the prosecution. Petitioner asserts that his trial counsel failed to object to a statement by the prosecutor at Petitioner's Sandoval hearing that Petitioner allegedly admitted in a post-arrest written statement that he had been involved in an earlier purse snatch robbery; he contends in his Objections that he never made any statement. (Obj. 3.) Judge Azrack concluded that there was no Rosario violation, because the prior statement was made by Petitioner, not a witness called by the prosecution. (R&R 22.) She also concluded that there was no Brady violation, because Petitioner's alleged statement was not an exculpatory statement. (Id. at 22-23.) Following de novo review, this court comes to the same conclusion with respect to the alleged Rosario and Brady violations. Moreover, even if Petitioner never made the alleged written statement, his trial counsel's failure to object to the prosecutor's reference does not constitute ineffective assistance of counsel, because the statement was not ruled on by the court at the Sandoval hearing, and was neither offered nor mentioned by the prosecution at trial. Thus, Petitioner cannot show that he was prejudiced by trial counsel's failure to object.

Second, Petitioner contends that it was error for Judge Azrack to reject his claim that trial counsel denied him "the right to present a viable defense." (Obj. 3.) Judge Azrack concluded that the evidence Petitioner wished to introduce would have been irrelevant and prejudicial. (R&R 23.) On de novo review, the court comes to the same conclusion. The evidence Petitioner sought to admit – victim statements and police reports from a string of burglaries not charged in Petitioner's case, in which the victims allegedly failed to identify Petitioner in various lineups – would have been both irrelevant and prejudicial to Petitioner's case.

Third, Petitioner contends that it was error for Judge Azrack to reject his claim that trial counsel was ineffective for opening the door to incriminating evidence regarding Joseph Berry's

3

statement to a detective. (Obj. 4.) Joseph Berry was arrested with Petitioner; at the time of arrest, Berry was driving the car in which Petitioner was seated. (R&R 3.) Following de novo review, the court agrees with Judge Azrack that the testimony elicited on redirect was "not devastating"; it "did not establish that petitioner had irrefutably participated in the robbery, but rather [that] Berry was the only driver at that time." (Id. at 24.) The court comes to the same conclusion as Judge Azrack that even if trial counsel erred with "this one poorly worded question, this does not cause counsel's representation to fall outside of the wide range of what is considered 'reasonable' under Strickland." (R&R 24.)

Fourth, Petitioner contends that it was error to reject the claim that trial counsel erred in failing to request a limiting instruction regarding Berry's statement to the detective. (Obj. 5.) Judge Azrack found that no instruction was necessary because the trial court properly admitted this testimony; defense counsel opened the door to this line of inquiry on direct examination, and the prosecution was permitted to ask a related question on cross-examination. (R&R 24.) Following de novo review, the court comes to the same conclusion.[1]

In sum, following de novo review, the court finds Petitioner's Objections without merit regarding trial counsel's alleged errors. Furthermore, Petitioner was not prejudiced by any alleged errors, given the overwhelming evidence of his guilt. Therefore, because Petitioner has not proven that his trial counsel was ineffective under Strickland, appellate counsel was not ineffective for failing to raise this unmeritorious claim on appeal. Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1993) (applying Strickland to ineffective assistance of appellate counsel claims). Therefore, the state court's decision to deny Petitioner's ineffective assistance of

---

[1] Petitioner's Objections do not mention Judge Azrack's ruling with regard to trial counsel's failure to object to the court's Sandoval ruling. (R&R 24-25.) The court has reviewed this determination for clear error and finds none. Urena, 160 F. Supp. 2d at 609-10.

4

appellate counsel claim was neither contrary to nor involved an unreasonable application of clearly established federal law.

## II. CONCLUSION

For the reasons above, after conducting a <u>de</u> <u>novo</u> review of those portions of the R&R to which Petitioner has objected, Judge Azrack's R&R is adopted in its entirety.  As Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. Pursuant to 28 U.S.C. § 1915(a), <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purposes of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED.

                                                                                                                                                           _/s/  Nicholas G. Garaufis____

Dated: Brooklyn, New York                                            NICHOLAS G. GARAUFIS
       March <u>31</u> , 2009                                           United States District Judge